**UNITED BONDING INSURANCE CO.,**
**Plaintiff-Appellant,**

v.

**Rodney Leon ALEXANDER et al.,**
**Defendants-Appellees.**

**No. 27187**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

July 16, 1969.

M. Robert Blakeney, Robert A. Gwinn, Seay, Gwinn & Crawford, Dallas, Tex., for appellant.

Charles W. Yuill, Jr., Dallas, Tex., for Etchieson.

Gilbert T. Adams, Beaumont, Tex., for Martin.

J. Ray Martin, Amarillo, Tex., for Barker.

John J. Herrera, Houston, Tex., for Vargas.

Elijah N. Wheeler, Houston, Tex., pro se.

Travis S. King, Sr., Ft. Worth, Tex., pro se.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Appellant, United Bonding Insurance Company, issued fidelity bonds securing the United States Post Office Department from losses caused by the failure of postal employees to perform their duties faithfully. Between January 1, 1964, and January 1, 1968, the Department suffered losses and filed claims thereon amounting to $19,205.13. United Bonding paid the claims and then brought an action in the lower court against the twenty-one postal employees allegedly responsible for the various losses, contending that it had succeeded to the Department's right to proceed against the employees.

■ Upon the motion of one of the parties defendant to dismiss the cause for want of jurisdiction, the court on its own motion considered the question of its jurisdiction as to all of the defendants and concluded that jurisdiction was lacking. The court ordered United Bonding's action dismissed with prejudice against refiling in the district court.[1] The dismissal was based upon the court's finding that the requisite jurisdictional amount was not present. The aggregate amount of the claims was $19,205.13 but no single claim exceeded $2500. The court correctly concluded that joinder was impermissible as the Department's losses did not arise out of the same transaction, occurrence, or series of transactions or occurrences contemplated by Rule 20(a), F.R.Civ.P.

■■ United Bonding suggests that the provisions of Title 28, U.S.C., § 1352[2] confer jurisdiction on the federal courts regardless of the amount in controversy. We do not agree. Section 1352 is applicable only to a suit *on a bond*, which means a suit against one bound by its terms for a breach of duty arising under it. The two-party agreement between the Post Office Department and United Bonding cannot be stretched to permit suit against the postal employees, who were not parties to it. If appellant is attempting to recover on a subrogation theory, its remedy, if any, would be in tort rather than contract. Since the present action can in no way be construed as an action "on a bond", Section 1352 cannot be utilized as a means of obtaining federal jurisdiction.

For similar reasons, and in much the same way, neither is the action here "any civil action arising under any Act of Congress relating to the postal service" under Title 28, U.S.C., Sec. 1339, as appellant suggests.

We further agree with appellee Barker's brief that:

"Appellant's contention that in some way its privity of contract or interest with the United States or its postal patrons entitles it to use their antecedent interest to provide itself with an 'equal right to use the Federal Court' as the United States might itself have done in its sovereign capacity for the use and benefit of its patrons or as a suitor under the Miller Act might have done in the name of the United States under 40 U.S.C. § 270b(b) is simply specious."

The district court did not err in its disposition of this case.

Affirmed.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

2. The district courts shall have original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States. Title 28, U.S.C., Section 1352.